UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALIRIO ZAVALA, et al.,

                                        Plaintiffs,

-v-

TOP SHELF ELECTRIC CORP. et al.,

                                        Defendants.

20 Civ. 9437 (PAE) (KNF)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On November 12, 2020, plaintiffs filed the complaint in this case. Dkt. 13. On November 13, 2020, this Court referred the case to United States Magistrate Judge, the Honorable Kevin N. Fox, for general pretrial supervision. Dkt. 14. On February 1, 2021, plaintiffs moved for an extension of time to serve defendants PEI Electrical Services Group Inc., CPI Electrical Services Inc., and Pablo Ibepaulino. Dkt. 35. On February 2, 2021, Judge Fox granted that extension request. Dkt. 36. On May 4, 2021, plaintiffs moved to serve those three defendants by alternative service and to again extend the time to serve. Dkt. 49. On May 20, 2021, Judge Fox denied that motion. Dkt. 52. On June 4, 2021, plaintiffs filed a limited objection only as to Judge Fox's order denying the motion for alternative service and an extension to serve Pablo Ibepaulino.

Federal Rule of Civil Procedure 4(e) provides, *inter alia,* that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located. New York state law provides a number of approved methods of service, and further provides that service may be effectuated "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the other specified methods of service. N.Y. C.P.L.R. § 308(5). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the

case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Noble v. Crazetees.com*, No. 13 Civ. 5086 (PAE), 2014 WL 12792236, at *1 (S.D.N.Y. Jan. 28, 2014) (quoting *Shamoun v. Mushlin*, No. 12 Civ. 03541 (AJN), 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013)).

On review, the Court determines that plaintiffs have made diligent efforts to serve Pablo Ibepaulino at the address at which plaintiffs have determined he currently, 4343 Powdermill Estate Rd, Sevierville, TN, 37876 (the "Powdermill address"). Specifically, plaintiffs made three prior attempts to personally serve Pablo Ibepaulino that were impeded by an aggressive German shepherd. *See* Dkt. 50 Ex. A. The Court finds that plaintiffs have shown the impracticability of traditional service—to wit, that actual prior attempts, performed with due diligence, have been unsuccessful. Given plaintiffs' "demonstrated inability to effectuate service through traditional means, the Court concludes that service pursuant to the particular methods specified by New York State law is impracticable and that alternative service is appropriate." *Noble*, 2014 WL 12792236, at *2 (quoting *Shamoun*, 2013 WL 91705, at *2).

Plaintiffs have proposed alternative service via a combination of certified mail to the Powdermill address and via email to an email address—cibepaulino@yahoo.com—that plaintiffs have reliably determined belongs to Pablo Ibepaulino's wife. *See* Dkt. 51. The Court finds that service by the combination of these alternative means comports with due process. Due process requires "that the method of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Noble*, 2014 WL 12792236, at *2 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The Court finds it substantially reasonable to conclude that service via certified mail to Pablo Ibepaulino's residence will reach the defendant, and that

additional service to an email account associated with defendant Pablo Ibepaulino's wife will increase the likelihood that service will reach that defendant. As a result, the proposed service via certified mail as well as email comports with the requirements of due process.

Finally, the Court grants plaintiffs a short extension to serve Pablo Ibepaulino. Plaintiffs are directed to serve Pablo Ibepaulino via these two methods of service within 11 days of this decision.

## CONCLUSION

The Court therefore grants plaintiffs leave to effectuate alternate service via both of the proposed alternative means of service on Pablo Ibepaulino. The Court directs plaintiffs to serve a copy of plaintiffs' Complaint and this Order on defendant Pablo Ibepaulino by certified mail and by email and to file proof of that service on ECF within 11 days of this decision.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 11, 2021
      New York, New York