**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALIRIO ZAVALA, JUAN CARLOS DIAZ, ALEXANDER GONZALEZ, JAUME VILLAGRASA, LUIS TORRES, JOSE BRICENO, LUCIANO EMIGDIO, NICOLAS VELASQUEZ, GUSTAVO RANGEL, ARODIS HERRERA, JORGE GUERRERO, SEGUNDO MORALES MARTINEZ, SAHAGUN MEREJILDO, JAIME GRANADA, JOHN JAIME RIVERA ALAYON, ANDRES TORRES, ERNESTO ALEJANDRO SANCHEZ, and EDUARDO CRUZ GONZALEZ,

        Plaintiffs,

    v.

PEI ELECTRICAL SERVICES GROUP INC., CPI ELECTRICAL SERVICES INC., PABLO IBEPAULINO, and TOP SHELF ELECTRIC CORP., jointly and severally,

        Defendants.

Index No. 20-cv-9437 (PAE) (KNF)

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

---

**KEVIN N. FOX, United States Magistrate Judge.**

      The Court having found that good cause exists pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of the action, and the parties having stipulated to the following provisions, it is hereby ORDERED that the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, and all third parties providing discovery in this action, shall be subject to this Order upon executing the Non-Disclosure Agreement in the form annexed hereto, and shall adhere to the following terms:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person, or that person's counsel, may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly

notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within five (5) business days of providing such notice.

**Who May Receive Confidential Discovery Materials**

5. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action;

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

53827/0008-41986430v3

(i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraph 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, as applicable, until the conclusion of this case.

**Filing Confidential Discovery Materials in this Action**

7. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

8. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow Section 4 of Judge Fox's Individual Rules of Practice with respect to requests for filing under seal.

9. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Termination of the Litigation**

10. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof,

shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that counsel may retain one copy of the material for their files.

11. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions.

**SO STIPULATED.**

| Attorneys for Plaintiffs, Alirio Zavala, et al. | Attorneys for Defendant, Top Shelf Electric Corp. |
|---|---|
| By: _____ <br> KAKALEC LAW PLLC <br> Patricia Kakalec, Esq. <br> 195 Montague Street, 14th Floor <br> Brooklyn, NY 11201 <br><br> & <br><br> MAKE THE ROAD NEW YORK <br> Estee L. Ward, Esq. <br> 92-10 Roosevelt Ave. <br> Jackson Heights, New York 11372 | By: _____ <br> COLE SCHOTZ P.C. <br> Brian L. Gardner, Esq. <br> Jason R. Finkelstein, Esq. <br> 1325 Avenue of the Americas, 19th Floor <br> New York, New York 10019 |

Dated: November 29, 2021

**SO ORDERED.**

_Kevin Nathaniel Fox_
Kevin N. Fox
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALIRIO ZAVALA, JUAN CARLOS DIAZ, ALEXANDER GONZALEZ, JAUME VILLAGRASA, LUIS TORRES, JOSE BRICENO, LUCIANO EMIGDIO, NICOLAS VELASQUEZ, GUSTAVO RANGEL, ARODIS HERRERA, JORGE GUERRERO, SEGUNDO MORALES MARTINEZ, SAHAGUN MEREJILDO, JAIME GRANADA, JOHN JAIME RIVERA ALAYON, ANDRES TORRES, ERNESTO ALEJANDRO SANCHEZ, and EDUARDO CRUZ GONZALEZ,<br><br>                Plaintiffs,<br><br>     v.<br><br>PEI ELECTRICAL SERVICES GROUP INC., CPI ELECTRICAL SERVICES INC., PABLO IBEPAULINO, and TOP SHELF ELECTRIC CORP., jointly and severally,<br><br>                Defendants. | Index No. 20-cv-9437 (PAE) (KNF)<br><br>**NON-DISCLOSURE AGREEMENT** |

      I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and

6

that my willful violation of any term of the Protective Order could subject me to sanctions, including contempt of Court.


Dated:_____                    _____
                                                 [Signature]

53827/0008-41986430v3